UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUZ PINTO,

                    Plaintiff,

                    **COMPLAINT**

      -against-

PAMELA FORD,

                    Defendant.
------------------------------------------------------------X

Plaintiff Luz Pinto ("Pinto" or "Plaintiff"), by and through her attorneys, complaining of Defendant Pamela Ford ("Ford" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Pinto was a domestic worker at Ford's residences in New York City and Connecticut. Throughout her employment, Ford required Pinto to work up to seventy hours per week but failed to pay her overtime compensation at one and one-half times her regular hourly rate, as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law § 190, *et seq* ("NYLL"). Defendant also failed to: (1) provide Plaintiff with a wage notice when hired, (2) provide accurate wage statements with each payment of wages, and (3) make timely weekly payments in violation of both the FLSA and NYLL.

2. Plaintiff brings this action pursuant to the FLSA, the NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA") to recover unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337. The Court has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within the Southern District of New York, including Plaintiff's employment in New York City.

## THE PARTIES

**Plaintiff Luz Pinto**

5. Plaintiff Luz Pinto resides in Bronx County, New York.

6. Plaintiff was employed by Defendant as a housekeeper from approximately July 2, 2022, to May 30, 2024.

7. From approximately July 2, 2022, through October 1, 2022, Pinto worked at Defendant's residences located at 70 West 45th Street, Penthouse 3, New York, NY 10036, and 51 Jay Street, Penthouse, Brooklyn, NY 11201. From October 2, 2022, through May 20, 2023, Pinto worked at Defendant's residences located at 360 Furman Street, Apt. 3A, Brooklyn, New York and 137 Duane Street, Apt. 3A, New York, NY 11013. From approximately May 21, 2023, through September 30, 2023, Pinto worked at Defendant's residence located at 62 Wooster Street, Apt. F15, New York, NY New York 10012.

8. Beginning October 1, 2023, Defendant relocated to 12 Aspenwood Drive, Weatogue, Connecticut 06089, where Plaintiff worked as a live-in domestic worker until the end of her employment.

**Defendant Pamela Ford**

9. Defendant Pamela Ford is an individual who resided in New York, New York during a portion of Plaintiff's employment and currently resides at 12 Aspenwood Drive, Weatogue, Connecticut 06089.

10. Pamela Ford was married to David Ford, who was a Co-Head of Goldman Sachs' Asset Management division and sat on the board of several philanthropic organizations. Pamela Ford continued David's philanthropic work after his death in 2020.

11. Throughout Pinto's employment, Pamela Ford assigned and directed Pinto's work duties.

12. Pamela Ford determined Pinto's rate of pay and distributed Pinto's paychecks.

13. At all relevant times, Pamela Ford exercised control over the terms and conditions of Pinto's employment, including hiring, supervising, assigning tasks, determining work schedules, and issuing payment. Defendant is an "employer" within the meaning of the FLSA and NYLL.

## FACTUAL ALLEGATIONS

14. Plaintiff's duties included cleaning Defendant's residence, doing laundry, ironing, and caring for Defendant's animals (initially three dogs and three cats, eventually increasing to five cats). Caring for the animals included preparing their food, and administering medication.

15. The animals required medication throughout the day, with the first dosage at approximately 7:00 a.m. and the last as late as 10:00 p.m.

16. While working in New York City, Pinto's schedule was typically from 9:00 a.m. to 6:00 or 6:30 p.m., Monday through Friday, with an occasional Saturday or Sunday shift, totaling approximately forty-five to fifty-seven hours per week.

17. After relocating to Connecticut, Plaintiff worked as a live-in domestic worker, from approximately 7:00 a.m. to 10:00 p.m., five days per week, totaling seventy-five hours per workweek.

18. Throughout Pinto's employment, Defendant paid Plaintiff a salary of $3,250, paid on the 15th and 30th or 31st of each month, regardless of total hours worked per workweek.

19. Defendant failed to pay Pinto overtime wages for hours worked over forty per workweek and instead paid her on a "straight time" rate for those hours.

20. Defendant did not provide Pinto with a wage notice at her time of hire.

21. Defendant did not provide Pinto with accurate wage statements accompanying each payment of wages.

22. Defendant intentionally failed to provide a wage notice and statements to Pinto in violation of the WTPA to conceal the precise number of regular and overtime hours that Pinto worked and the overtime wages rate to which she was entitled.

23. Defendant further concealed her practice of wage underpayments by failing to provide Pinto with required a wage notice under the WTPA at her time of hire, which would have permitted Pinto the to understand and advocate for her rights to overtime wages.

24. Defendant's WTPA violations led to and formed part of Defendant's scheme to deprive Pinto of her overtime wages due as alleged in this Complaint.

**FIRST CLAIM**
**(FLSA – Unpaid Overtime Wages)**

25. Plaintiff repeats and realleges all preceding paragraphs.

26. Defendant employed Plaintiff within the meaning of the FLSA.

27. Defendant was required to pay Plaintiff one and one-half (1 ½) times her regular hourly wage rate for all hours worked in excess of forty per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 *et seq*.

28. Defendant failed to pay Plaintiff the overtime wages to which she was entitled under the FLSA.

29. Defendant willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

30. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

31. As a result of Defendant's violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**SECOND CLAIM**
**(NYLL – Unpaid Overtime Wages)**

32. Plaintiff repeats and realleges all preceding paragraphs.

33. Defendant employed Plaintiff within the meaning of the NYLL.

34. Under the NYLL, the Domestic Workers' Bill of Rights ("DWBR"), and supporting New York State Department of Labor ("NYDOL") regulations, Defendant was required to pay Plaintiff one and one half (1 1/2) times her regular hourly wage rate for all hours worked in excess of 40 per workweek.

35. Defendant's violations were willful and intentional.

36. As a result of Defendant's violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

## THIRD CLAIM
### (NYLL §195(1) – Failure to Provide Wage Notice)

37. Plaintiff repeats and realleges all preceding paragraphs.

38. The NYLL's WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

39. In violation of NYLL § 195(1), Defendant failed to furnish Plaintiff at the time of hiring, or whenever her rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

40. As a result of Defendant's violations of NYLL § 195(1), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs pursuant to NYLL §198(1-b).

## FOURTH CLAIM
### (NYLL §195(3) – Failure to Provide Accurate Wage Statements)

41. Plaintiff repeats and realleges all preceding paragraphs.

42. The NYLL's WTPA requires employers to provide employees with an accurate wage statement with each payment of wages.

43. Defendant failed to furnish Plaintiff, with each payment of wages, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

44. As a result of Defendant's violations of NYLL § 195(3), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs pursuant to NYLL §198(1-d).

## FIFTH CLAIM
### (NYLL §191 – Frequency of Pay Violations)

45. Plaintiff repeats and realleges all preceding paragraphs.

46. Plaintiff was a "manual worker" within the meaning of NYLL §191(1)(a)(i), spending more than 25% of her time performing physical labor such as cleaning, laundry, and animal care.

47. Defendant failed to pay Plaintiff on a weekly basis, instead paying semi-monthly, in violation of NYLL §191(1)(a).

48. Plaintiff is entitled to recover liquidated damages equal to the full amount of wages paid late.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

      a. Declaring that Defendant violated the overtime wage provisions of the FLSA and NYLL;

      b. Declaring that Defendant violated the wage notice and wage statement provisions of the NYLL and WTPA;

      c. Declaring that Defendant's violations of the FLSA and NYLL were willful;

      d. Enjoining Defendant from further violations of the FLSA and NYLL;

      e. Awarding Plaintiff damages for unpaid overtime wages;

      f. Awarding Plaintiff liquidated damages under the FLSA and NYLL;

      g. Awarding Plaintiff statutory damages for failure to furnish wage notices and statements;

      h. Awarding Plaintiff liquidated damages for frequency-of-pay violations under NYLL §191;

      i. Awarding Plaintiff pre- and post-judgment interest;

      j. Awarding Plaintiff reasonable attorneys' fees and costs; and

      k. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: New York, New York
January 27, 2026

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Camille A. Sanchez
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
sanchez@pechmanlaw.com
*Attorneys for Plaintiff*